IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DIOGENES OSCAR DE LOS SANTOS,    )
                                 )
          Plaintiff,             )
                                 )
     v.                          )  1:09CV00426
                                 )
HENRY NIEVES, MARIA ROSARIO,     )
AMERICAN EXPRESS CENTURION BANK, )
and G.C. SERVICES LIMITED        )
PARTNERSHIP,                     )
                                 )
          Defendants.            )

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Diogenes Oscar De Los Santos, in his unopposed Motion for Remand, requests that this Court remand this action to the state court. For the reasons set forth below, Plaintiff's Motion for Remand (Docket Entry 21) will be granted.[1]

**I. FACTS**

This case arises out of the theft of a "Blue from American Express" credit card that Defendant, American Express Centurion Bank ("AECB"), issued to Mr. De Los Santos. (Docket Entry 1, Ex. A, ¶¶ 4 and 12.) Mr. De Los Santos alleges that sometime in 2006, his cousin, Henry Nieves, and Mr. Nieves' wife, Maria Rosario, moved to North Carolina to stay with Mr. De Los Santos and assist him with his business affairs. (Id., ¶¶ 2 and 9.) During the course of Mr. Nieves and Ms. Rosario's stay, they allegedly

---

[1] For the reasons stated in Thomas v. North Carolina, No. 1:10CV226, 2010 WL 2176075 at *6-8 (M.D.N.C. May 21, 2010) (unpublished), the undersigned United States Magistrate Judge disposes of this matter by order, rather than by recommendation.

stole the credit card and made unauthorized purchases. (Id., ¶¶ 11, 13 and 15.)

According to the Complaint, after Mr. De Los Santos confronted Mr. Nieves, Mr Nieves admitted to the theft and gave Mr. De Los Santos $2,000, but Mr. Nieves and Ms. Rosario would not pay AECB for the remainder of the unauthorized charges. (Id., ¶¶ 20-21.) AECB allegedly continued to demand that Mr. De Los Santos pay for the unauthorized charges and G.C. Services Limited Partnership ("G.C."), acting on AECB's behalf, allegedly attempted to collect payment from Mr. De Los Santos. (Id., ¶¶ 23-24.)

On May 15, 2009, Mr. De Los Santos filed a Complaint in the Durham County General Court of Justice, District Court Division. (Id. at 6-18.)[2] In his Complaint, Mr. De Los Santos brought a cause of action for G.C.'s violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (Docket Entry 1, Ex. A, ¶¶ 52-57.) On June 15, 2009, AECB and G.C. filed a Notice of Removal. (Docket Entry 1.) On August 31, 2009, Mr. De Los Santos and G.C. filed a Stipulation of Dismissal dismissing all claims against G.C. with prejudice. (Docket Entry 17.) On February 24, 2010, Mr. De Los Santos and AECB filed a Stipulation of Dismissal dismissing all claims and counterclaims against each other with prejudice. (Docket Entry 20.) On February 24, 2010, Mr. De Los

---

[2] Citations to page numbers in Docket Entry 1 refer to page numbers in the CM/ECF footer, not the internal pagination (which leaves several pages unnumbered, but enumerates portions of the exhibit).

Santos filed the instant Motion to Remand to State Court (Docket Entry 21).[3]

## II. DISCUSSION

The Court will first discuss whether AECB properly removed this action to this Court. See Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 616 (4th Cir. 2001) ("[I]f the *case* was not removed, it cannot be remanded." (emphasis in original).). Then, the Court will analyze the applicable factors to determine whether, as a result of Mr. De Los Santos' Stipulation of Dismissal with G.C., the Court should remand this case to state court.

### A. Removal Jurisdiction

If a district court has original jurisdiction of a state court case, then a defendant may remove that state court case to the district court embracing the place where the action is pending. 28 U.S.C. § 1441(a).[4] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. AECB

---

[3] On February 19, 2010, the Clerk of Court entered a Notice to Plaintiff of Failure to Make Service within 120 Days with respect to Ms. Rosario. (Docket Entry 19.) On February 22, 2010, the Clerk of Court sent a letter to Mr. De Los Santos' counsel that Mr. Nieves had not filed an answer despite the August 13, 2009, deadline. (Docket Entry 18.) On February 26, 2010, Mr. De Los Santos responded to both the notice and the letter informing the Clerk of Court that Mr. De Los Santos is seeking to remand the case to the state court. (See Docket Entries 22, 23.)

[4] A party seeking removal must file a notice of removal within the shorter of either thirty days after receipt of: (i) the initial pleading, or (ii) service of summons. 28 U.S.C. § 1446(b). The case was initially filed on May 15, 2009. (Docket Entry 1, Ex. A.) On May 18, 2009, AECB and G.C. were served with the Complaint. (Id. at 3.) Thus, the deadline for filing a notice of removal was June 17, 2009. On June 15, 2009, AECB and G.C. properly filed their Notice of Removal within the thirty-day time period. (Id.)

and G.C. claimed that their unopposed Notice of Removal was proper on the basis that this Court possessed federal question jurisdiction over the matter pursuant to 28 U.S.C. § 1331. (Docket Entry 1 at 1.) Mr. De Los Santos originally brought this action seeking relief against G.C. under 15 U.S.C. § 1692, <u>et seq.</u> (Docket Entry 1, Ex. A, ¶¶ 52-57.) District courts possess original jurisdiction over actions brought under that section: "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy." 15 U.S.C. § 1692k(d). Thus, the Court possessed original jurisdiction over this action pursuant to 28 U.S.C. § 1331, and AECB and G.C. properly removed the case pursuant to 28 U.S.C. § 1441(a).

Mr. De Los Santos' remaining claims are based on state law. (<u>See</u> Docket Entry 1, Ex. A.) He seeks relief against Mr. Nieves and Ms. Rosario for: (i) constructive fraud; (ii) trespass to personal property; and (iii) conversion. (<u>See</u> Docket Entry 1, Ex. A, ¶¶ 31-42.) Mr. De Los Santos also asserted two causes of action against AECB. One claim for a declaratory judgment of non-liability on the credit card pursuant to N.C. Gen. Stat. § 1-253, and another claim for a violation of North Carolina's Fair Debt Collection Laws, N.C. Gen. Stat. § 75-50, <u>et seq.</u> (<u>Id.</u> ¶¶ 25-30, 43-51.) He also brought a second claim against G.C. for a violation of North Carolina's Fair Debt Collection Laws, N.C. Gen. Stat. § 58-70-90, <u>et seq.</u> (<u>Id.</u> ¶¶ 58-66.)

4

The Court possesses supplemental jurisdiction over all the other claims, because "they form part of the same case or controversy" as the federal claim which provides the Court with original jurisdiction. See 28 U.S.C. § 1367(a) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy.").[5]

Accordingly, AECB and G.C. properly removed this case to this Court pursuant to 28 U.S.C. § 1441, because this Court possesses original jurisdiction over the federal claim pursuant to 28 U.S.C. § 1331. The Court also possesses supplemental jurisdiction over the remaining state law claims, because "they form part of the same case or controversy" as the federal claim.

B. Remand

A district court has discretion to retain a case once it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). "[T]rial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." Shanaghan v.

---

[5] "[W]hether the federal-law claims and State-law claims are part of the same case is determined by whether they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them all in one judicial proceeding." Hinson, 239 F.3d at 615 (internal quotation marks and brackets omitted). The parties do not contest that the state claims derive from the same "common nucleus of operative fact" upon which Mr. De Los Santos brings his federal claim. All the claims derive from the alleged theft and unauthorized charges on Mr. De Los Santos' credit card and attempts to collect the debt. (See Docket Entry 1, Ex. A.) Mr. De Los Santos would reasonably be expected to try all the claims in his Complaint in one proceeding.

5

Cahill, 58 F.3d 106, 110 (4th Cir. 1995). The United States Court of Appeals for the Fourth Circuit has stated that the Carnegie-Mellon factors should be weighed to determine if remand is appropriate. Id. "Among the factors that inform this discretionary determination are [1] convenience and fairness to the parties, [2] the existence of any underlying issues of federal policy, [3] comity, and [4] considerations of judicial economy." Id. (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); Growth Horizons, Inc. v. Delaware County, 983 F.2d 1277, 1284 (3d Cir. 1993)).

Since the filing of the Notice of Removal, Mr. De Los Santos and G.C. filed a Stipulation of Dismissal which dismissed the federal cause of action. (Docket Entry 17; see Docket Entry 1, Ex. A, ¶¶ 52-57.) As a result, the claim which provided the Court with original jurisdiction has been dismissed. Thus, the Court may decline to exercise supplemental jurisdiction over Mr. De Los Santos' state law claims. See 28 U.S.C. § 1367(c)(2).[6]

The Court now considers the Carnegie-Mellon factors applicable to a determination of whether to remand a case. See Shanaghan, 58 F.3d at 110. The first factor concerns the convenience and fairness to parties. Mr. De Los Santos argues in favor of remand, but he does not express whether he considers the state court to be a more convenient and/or more fair forum. This Court does not find

---

[6] Mr. De Los Santos filed a Stipulation of Dismissal with G.C. and AECB related to all claims against each other (see Docket Entry 17, and Docket Entry 20), therefore, G.C. and AECB are no longer parties in the case. The remaining Defendants are Mr. Nieves and Ms. Rosario, and there are three remaining state law causes of action against them. (Docket Entry 1, Ex. A ¶¶ 31-42.)

6

any facts in the Complaint or the instant motion that demonstrate that the state court would be more convenient or fair to the parties than this Court.  Thus, the first factor is neutral with respect to a remand to state court.

The second factor relates to the existence of any underlying issues of federal policy.  No federal policy favors disposition of the state law claims in this Court as opposed to a state court.  To the contrary, the Fourth Circuit has stated a "strong preference that state law issues be left to state courts in the absence of diversity or federal question jurisdiction . . . ."  Arrington v. City of Raleigh, No. 09-1207, 2010 WL 750085, at *3 (4th Cir. Mar. 5, 2010) (unpublished).  "With all its federal questions gone, there may be authority to keep [the case] in federal court under 28 U.S.C. §§ 1367(a) and 1441(c) (2000), but there is no good reason to do so."  Waybright v. Frederick County, Md., 528 F.3d 199, 209 (4th Cir.), cert. denied, 129 S.Ct. 725 (2008).  Thus, this second factor favors a remand.

The third factor examines comity.  The notion of "comity" is "a proper respect for state functions . . . and a continuance of the belief that the National Government will fare best if the States and their separate institutions are left free to perform their separate functions in their separate ways."  Younger v. Harris, 401 U.S. 37, 44 (1971).  The issues remaining in this case are based solely on North Carolina law. (See Docket Entry 1, Ex. A.)  Although the federal district courts are competent to address these claims, see Drinkard v. Walnut St. Sec., Inc., No. 3:09-cv-

7

66-FDW, 2009 U.S. Dist. LEXIS 44016, at *6-13 (W.D.N.C. May 11, 2009) (unpublished) (addressing a motion to dismiss plaintiff's complaint including a claim of constructive fraud); Cardinal Health 414, Inc. v. Schwarz Prop., Inc., No. 1:06CV570, 2008 U.S. Dist. LEXIS 100153, at *13-15 (M.D.N.C. Dec. 11, 2008) (Eliason, J.) (unpublished) (addressing cross-motions for summary judgment where the plaintiff brought three claims for relief including one for common law conversion); Thomas, The Lord of Shalford v. Shelley's Jewelry, Inc., No. 1:99cv162, 2000 U.S. Dist. LEXIS 21292 (W.D.N.C. Jan. 14, 2000) (unpublished) (addressing a motion to dismiss the plaintiffs claims which included: constructive trespass to chattels, constructive conversion of chattels and common-law fraud), out of a respect for the North Carolina courts, the Court should allow a North Carolina court to adjudicate these claims. Thus, the third factor supports a remand to the state court.

Lastly, the fourth factor considers judicial economy. The parties have not proceeded very far with the litigation in this forum. This Court has not yet invested significant resources into adjudicating this matter. Accordingly no waste of judicial resources would result from sending this case back to state court. Therefore, this factor does not weigh against remand.

With respect to whether this Court should grant the instant motion to remand, the first and fourth factors are at equipoise. The second and third factors weigh in favor of remand. Thus, the Court concludes that the Carnegie-Mellon factors overall weigh in

8

favor of remand. Accordingly, the Court will grant the instant motion to remand.

### III. CONCLUSION

AECB and G.C. properly removed this case to this Court and this Court possesses supplemental jurisdiction over Mr. De Los Santos' remaining state law claims. The applicable <u>Carnegie-Mellon</u> factors weigh in favor of remand to state court.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Remand (Docket Entry 21) is **GRANTED** and this action is **REMANDED** to state court. The Court stays the remand for 21 days because "[a] party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). If any party files an objection to this Order, the 21-day stay shall continue in effect until further order of the Court, but, if no objections are filed, at the end of the 21-day period, the Clerk shall send a certified copy of this Order to the Clerk of the General Court of Justice, District Court Division, for Durham County, North Carolina.

                                    /s/ L. Patrick Auld
                                        **L. Patrick Auld**
                            **United States Magistrate Judge**

June 15, 2010